IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:07-CV-195-FL

| | |
|---|---|
| ERNEST HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings (DE #15, 17) and plaintiff's timely objections to the memorandum and recommendation ("M&R") entered by the magistrate judge. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court rules in favor of defendant on the parties' cross-motions.

## BACKGROUND

Plaintiff protectively filed an application for disability insurance benefits and supplemental security income payments on December 15, 2004, alleging a disability onset date of September 1, 2004. After the application was denied initially and upon reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on April 16, 2007. At the hearing, plaintiff amended his disability onset date to January 1, 2005. Plaintiff was represented by counsel at the hearing. On April 27, 2007, the ALJ issued a decision denying plaintiff's claims. The Appeals Council denied plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner of Social Security ("the Commissioner").

Plaintiff timely commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Plaintiff argues that the ALJ's decision should be reversed on the principal grounds that the ALJ erred by: (1) penalizing plaintiff for his inability to afford medical treatment; (2) improperly evaluating plaintiff's credibility; (3) finding that plaintiff could perform light work with a sit and stand option; and (4) improperly considering the type and side effects of plaintiff's medication.

Through M&R entered September 16, 2008, the magistrate judge recommends that this court deny plaintiff's motion for judgment on the pleadings, grant defendant's motion, and uphold the final decision of the Commissioner. Plaintiff timely objected to the M&R and defendant responded to the objections.

## DISCUSSION

### A. Standard of Review

This court's role in reviewing defendant's final decision regarding plaintiff's disability status is limited to determining whether substantial evidence supports defendant's factual findings and whether the decision was reached through the application of the correct legal standards. See Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). It must be "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id.

In addressing an objection to an M&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

2

Case 4:07-cv-00195-FL    Document 23    Filed 03/26/09    Page 2 of 5

judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

## B. Analysis

Plaintiff raises two objections to the M&R. First, plaintiff objects to the magistrate judge's finding that the ALJ's credibility determination was supported by substantial evidence. Second, plaintiff objects to the magistrate judge's finding that the ALJ's residual functional capacity ("RFC") analysis was supported by substantial evidence. The court considers each objection in turn.

Plaintiff first objects to the magistrate judge's finding that the ALJ's credibility determination was supported by substantial evidence. In support of this objection, plaintiff argues that the magistrate judge improperly re-weighed the evidence regarding the extent of plaintiff's treatment. In evaluating plaintiff's credibility, the ALJ considered the relevant factors set forth in 20 C.F.R. §§ 404.1529(c) and 416.929(c). After considering the evidence of record, the ALJ determined that plaintiff's medically determinable impairment could reasonably be expected to produce plaintiff's alleged symptoms, but that plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible. In reaching this conclusion, the ALJ noted, among other things, that plaintiff admitted to not taking pain medication every day and not seeing a doctor since February 2007. The ALJ ultimately found plaintiff's "limited" treatment and daily activities to be inconsistent with his allegations of debilitating symptoms.

Plaintiff argues that because he was unable to afford certain medical treatments, it was error for the ALJ to consider his recent lack of treatment and failure to take medication in assessing his credibility. As the magistrate judge correctly noted, the inability to afford treatment is a sufficient reason for infrequent medical visits. S.S.R. 96-7p, 1996 WL 374186, at *8. The magistrate judge found, however, that the ALJ was justified in considering plaintiff's infrequent medical visits since

3

February 2007 and failure to take pain medication daily, in spite of plaintiff's testimony that he could not afford treatment, because the record as a whole revealed that plaintiff had considerable access to both medical treatment and medication. The magistrate's finding in this regard is not inconsistent with the ALJ's credibility assessment, and the court finds that the magistrate judge did not improperly re-weigh any evidence. Rather, the magistrate judge correctly found that the ALJ properly considered the objective medical evidence and plaintiff's testimony in assessing plaintiff's credibility.

Plaintiff next argues that the magistrate judge erred by finding that the ALJ's mischaracterization of certain evidence was harmless error. In assessing plaintiff's credibility, the ALJ noted that plaintiff "walks to Wal-Mart," when in fact, plaintiff testified that when he visited Wal-Mart, he had to sit on a bench while others shopped. The court cannot discern whether this misstatement was a mischaracterization of the evidence upon which the ALJ relied, or merely a typographical error. In any event, the court agrees with the magistrate judge that any reliance on this mischaracterization was harmless error, in light of plaintiff's testimony that he can walk for forty-five minutes with a break after twenty to thirty minutes, and that he walks around the grocery store, but does not push the cart or unload the bags. See Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) (affirming denial of benefits where the ALJ erred in pain evaluation because "he would have reached the same result notwithstanding his initial error"). Accordingly, the court finds that the ALJ applied the proper legal standards in assessing plaintiff's credibility, and that substantial evidence supports the ALJ's findings.

Plaintiff also objects to the magistrate judge's finding that the ALJ's determination of plaintiff's RFC was supported by substantial evidence. The magistrate judge found, and this court

4

agrees, that the ALJ analyzed all of the relevant evidence, sufficiently explained his findings and rationale in crediting the evidence, and applied the correct legal standards in determining that plaintiff is capable of performing light work. Specifically, the ALJ reviewed the medical findings of various physicians detailing the history of plaintiff's back pain, fusion surgery, and subsequent treatments. After summarizing the relevant medical evidence, the ALJ noted that although plaintiff continued to take medicine for pain following his surgery, his objective medical examinations were mostly unremarkable. On this basis, the ALJ concluded that the medical evidence did not demonstrate that plaintiff lacks the ability to perform light work. As noted above, the ALJ's consideration of plaintiff's symptoms and pain was also proper. Accordingly, the court finds that the ALJ's determination that plaintiff retains the RFC to perform light work was reached through application of the proper legal standard and is supported by substantial evidence in the record.

## CONCLUSION

Where the court has conducted a *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, otherwise adopting as its own the uncontested proposed findings and conclusions upon a considered review, for the reasons more particularly stated herein, the M&R is ADOPTED. The court therefore upholds the decision of the Commissioner. Plaintiff's motion for judgment on the pleadings is DENIED, and defendant's motion for judgment on the pleadings is GRANTED. The clerk is directed to close the case.

SO ORDERED, this the 5 day of March, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge